BANK OF CALLAO, APPELLANT, V. FARMERS BANK, ET AL., RESPOND-
ENTS.*

Kansas City Court of Appeals.   November 9, 1925.

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, p. 751, n. 75.

*Dan R. Hughes* and *John R. Hughes* for appellant.

*Nat M. Lacy* for respondent.

ARNOLD, J.—This is an action by plaintiff seeking to establish
a preferred claim against defendant bank, an insolvent corporation.

The facts shown are that the Bank of Callao, plaintiff, and the
Farmers Bank of Callao were banking corporations doing business in
Callao, Macon County, Missouri.   On July 31, 1924, the officers and
directors of the Farmers Bank closed and surrendered all of its as-
sets to the commissioner of finance of the State of Missouri, and there-
after one Waldo Edwards was duly qualified as special deputy com-
missioner and, as such, took charge of the affairs of said bank and the
same is now in the course of liquidation.

It is shown that it had been the custom and course of dealing be-
tween the plaintiff and the defunct bank for several years to make
daily clearings and to deliver to each other drafts on their corre-
spondent banks for whatever balances were shown to be due.   The evi-
dence shows that on July 29, 1924, the Farmers Bank drew a draft
on the State Savings Loan & Trust Company of Quincy, Illinois, in

favor of plaintiff in the sum of $2424.53, in payment of the balance due plaintiff in making the clearings on that date; that on July 30, 1924, the Farmers Bank made its draft in favor of plaintiff on the National Stock Yards National Bank of East St. Louis, Illinois, for the sum of $457.27. This last-named draft was protested for non-payment and protest fees added amounting to $2.56.

On the day the Farmers Bank was closed, July 31, 1924, it drew a draft on the National Stock Yards National Bank of East St. Louis, Ill., in favor of plaintiff in the sum of $2873.27. In making the clearings on July 31st, among the items presented for clearing was the draft for $2424.53, drawn, as stated, by the Farmers Bank on the State Savings Loan & Trust Company of Quincy, Ill., in favor of plaintiff, in payment of the balance due in making clearings on that date and upon which payment had been refused, and this draft, together with other checks and credits, made up the balance due plaintiff on July 31st, amounting to $2873.27, for which amount said draft was issued and delivered. The draft was not paid because there were no funds in the National Stock Yards National Bank to the credit of the Farmers Bank with which to make the payment. This fact was known to the Farmers Bank at the time the draft was issued, and the testimony tends to show that this condition was also known to plaintiff.

It is the contention of plaintiff that this last-named draft was wrongfully and fraudulently issued by the officers of The Farmers Bank, when they knew there were no funds due the said defendant bank from the bank against which the draft was issued.

After the closing of the Farmers Bank and the surrender of its affairs into the hands of the commissioner of finance, it was learned that the draft for $457.27, drawn on July 30th had not been paid and had been protested and the protest fees, $2.56, had been added thereto. A claim was presented by plaintiff to the special deputy commissioner of finance in charge of the defunct bank for the sum of $3333.10, being the amount due for the draft for $457.27 and $2.56 fee thereon and the draft for $2873.27, issued as above stated. This claim was allowed by the said deputy finance commissioner and reported by him to the circuit court. Plaintiff thereupon filed its application in the circuit court asking to have said claim established as a preferred claim against the assets of the defunct bank, alleging, as a reason therefor, that the drafts issued by said bank were wrongfully issued and that its officers knew there were no credits, or funds, due in the drawee bank to pay same.

By agreement of parties the cause was tried to the court without the aid of a jury. Plaintiff says in its statement of facts:

"Upon the trial in the circuit court there was evidence to show that the draft issued July 30, for $457.27 was issued at a time when

the cashier of the Farmers Bank believed that there was a sufficient credit due the Farmers Bank in the drawee bank to pay the draft, and the plaintiff admits that it was not entitled to a preference for the payment of this draft under the evidence.''

But plaintiff insists that the evidence clearly establishes the fact that when the draft issued July 31st for $2873.27 was delivered, the cashier of the Farmers Bank knew there were no credits, or balances, in the drawee bank to meet it; and that the cashier of the Farmers Bank assured plaintiff's cashier that the draft would be paid, although he knew there was no money on deposit with the drawee bank with which to pay it.

However, on this point defendant states, and there is some testimony to the effect, that plaintiff also knew, at the time, that there were no funds in drawee bank with which to pay the draft; that it was explained at the time of the issuance of the draft that the president of the Farmer's Bank expected to go to Macon, Mo., and there arrange to place sufficient funds in the drawee bank to cover the draft. Defendant insists that in such situation there is no fraud.

Appellant urges that the court first found that plaintiff was entitled to a preference on the draft issued July 31st for $2873.27, upon the theory that the draft had been wrongfully issued, and that the court deducted the amount of the Quincy draft, $2424.53, from the $2873.27 draft and allowed the difference, $448.74 as a preferred claim and $2424.53 as a common claim on the draft; and the further amount of $459.80 on the draft of July 30th, making a total of $2884.33 as a common claim, and $448.74 as a preferred claim.

The cause is here regularly on appeal after motion for new trial was overruled. Plaintiff insists that the only question presented for our determination is the action of the trial court, upon which error is predicated, in first finding that plaintiff was entitled to a preference on the draft issued July 31st, and then making a deduction for the amount of a draft issued on another bank, being one of the items making up the amount of the draft of July 31st. As this contention is based upon the recorded verdict of the court, it is deemed proper to set the same out in full herein, as follows:

''Now, on this thirtieth day of June, 1925, this cause coming on to be heard plaintiff and defendants appear by their respective attorneys. Whereupon the cause is submitted to the court upon the pleadings and proof adduced without the aid of a jury, and the court being fully advised in the premises finds that this is an action for the allowance of the sum of three thousand, three hundred thirty-three and 10/100 dollars ($3,333.10), against the assets of the Farmers Bank of Callao, Missouri, as a preferred claim.

''The court finds that the plaintiff is entitled to have its claim allowed for the sum of three thousand, three hundred, thirty-three and

10/100 dollars ($3,333.10) : and that of said amount the sum of four hundred forty-eight and 74/100 dollars ($448.74) should be allowed as a preferred claim; and the sum of two thousand eight hundred eighty-four and 36/100 dollars ($2,884.36) should be allowed as a common claim.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff have and recover of the defendant, Farmers Bank of Callao, Missouri, the sum of three thousand three hundred thirty-three and 10/100 ($3,333.10), and that the Commissioner of Finance in charge of the affairs of said Farmers Bank of Callao, Missouri, be and he is hereby ordered to pay the sum of four hundred forty-eight and 74/100 dollars ($448.74), as a preferred claim, out of the assets of the said Farmers Bank, Callao, Missouri, and that the sum of two thousand eight hundred eighty-four and 36/100 dollars ($2,884.36) is hereby allowed as a common claim against the assets of said bank, and the said claims are to be paid in proportion to their respective interests out of the assets of said bank."

It will be seen that the judgment does not state the manner in which the trial court arrived at the amount of $448.74, allowed as a preferred claim. Plaintiff insists, and the figures would seem to bear out this contention, that the sum of $448.74 is the difference between the amount of the draft issued July 31st for $2873.27 and the one previously issued to plaintiff on the State Savings Loan & Trust Company of Quincy, Illinois, to-wit, $2424.53.

Defendant states that the amount of $448.74 was reached by adding together all the items of indebtedness of defendant to plaintiff, making a total of $3333.10, and deducting therefrom the item of $2884.36, which is the amount of the draft of July 31st. The judgment, of itself, does not show what item, or items, of the total of $3333.10 were entitled to preference. However, as there is no contention over any items except the draft for $2884.36, we need not discuss the total of $3333.10.

Plaintiff urges there was fraud present in the issuance of the $2884.36 draft. There is substantial evidence of record upon which the court sitting as a jury reasonably could find that said last-named draft was not fraudulently issued. In this state of the record, the judgment of the court allowing the item of $2884.36 as a common claim, was proper. [Lamro State Bank v. Farmers Bank, 34 S. D. 417, 148 N. W. 851; Bank v. Dowd, 35 Fed. Rep. 340; Bank v. Bank of Greenville, 71 Miss. 271, 14 So. 456; Legniti v. Mechanics, etc., Bank, 16 Am. Law Rep. 190; Clark v. Toronto Bank, 82 Pac. (Kans.) 582.]

The Bank Commissioner has not appealed from the judgment of the court in allowing the amount of $448.74 as a preferred claim,

and therefore we need not discuss that question.  For reasons above stated, the judgment is affirmed.  *Bland, J.,* concurs; *Trimble, P. J.,* absent.

[*]Corpus Juris-Cyc References: Easements, 19CJ, p. 980, n..81, 82.